# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

UNITED STATES OF AMERICA,    )
                              )
    Plaintiff,            )
                              )
    vs.                   )    NO. 2:09-CR-40
                              )
    THOMAS SLAPNICKER,    )
                              )
    Defendant.           )

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Defendant, Thomas Slapnicker, on December 2, 2010. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

Defendant, Thomas Slapnicker ("Slapnicker"), was charged in a six count indictment with interstate stalking and interstate transmission of verbal threats, in violation of Title 18 U.S.C. sections 2261A and 875(c), respectively.

On September 18, 2009, Slapnicker entered into a plea agreement with the Government, whereby Slapnicker agreed to plead guilty to Count 3 of the Indictment, charging him with making an

interstate threatening phone call in violation of Title 18 U.S.C. section 875(c). For his part, Slapnicker also agreed to waive his right to appeal the conviction and sentenced imposed, including the right to contest any claim of ineffective assistance of counsel unless the claimed ineffective assitstance related directly to the waiver or its negotiation. In exchange, the Government agreed to make a non-binding recommendation to the Court that Slapnicker receive acceptance of responsibility and that Slapnicker be sentenced to the minimum of the applicable U.S. Sentencing Guideline range. In addition, the Government agreed to dismiss Counts 1, 2, 4, 5 and 6 of the Indictment at the time of sentencing.

A change of plea hearing took place on October 15, 2009. During that hearing, Slapnicker was placed under oath and confirmed that he was satisfied with the representation he had received by defense counsel, Attorney Brian Truitt. Slapnicker also acknowledged that he agreed to each of the terms of the plea agreement and that he wanted to plead guilty pursuant to that agreement. Slapnicker confirmed on numerous instances that he understood he was waiving his right to appeal his conviction and sentence. Although the Court asked Slapnicker on multiple occasions whether he had any questions, each time he indicated that he did not.

Slapnicker's sentencing hearing commenced on January 6, 2010,

and concluded on February 26, 2010. At the sentencing hearings, the Government provided evidence that after Slapnicker pleaded guilty, he made numerous communications to the victims, which were harassing and wherein he denied relevant conduct, minimized his own actions and blamed the victims and others for his conduct. Based on Slapnicker's post plea actions, the Government contemplated asking the Court to throw out the plea agreement or to be relieved of its non-binding obligations. Instead, the Government struck a deal with Slapnicker, where the Government would honor the terms of the plea agreement in exchange for Slapnicker dropping his objections to the PSR. Ultimately, the Government recommended a sentence of a 51 month prison term. The Court imposed a 51 month term of imprisonment, which was the low end of the applicable U.S.S.G. guideline range.

Slapnicker has filed the instant section 2255 petition arguing that his conviction was obtained in violation of his Sixth Amendment right to counsel because his counsel had a conflict of interest. Specifically, Slapnicker's counsel, Attorney Bryan Truitt had cases before Lake Station Judge Christopher Anderson, who was one of the victims in this case. Slapnicker maintains that his counsel's conflict "created an inference that counsel improperly pressured [him] to enter into a plea agreement" or, alternatively, "counsel's advise [sic] regarding the plea agreement was objectively unreasonable." The Government contends that there

Slapnicker waived any conflict of interest because he knew about Attorney Truitt practicing in the Lake Station court and nevertheless continued with Truitt's representation. And, further, the Government maintains that this section 2255 petition is barred by the appellate waiver contained in the plea agreement.

DISCUSSION

Section 2255 Petition

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'")

(quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall  v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'"  *Id.*

As alluded to earlier, Slapnicker contends he is entitled to relief under section 2255 because his counsel had a conflict of interest, depriving Slapnicker of his Sixth Amendment right to counsel.  Slapnicker further contends that his section 2255 petition should not be barred by the plea agreement waiver.

Preclusive Effect of Plea Agreement Waiver

Slapnicker's plea agreement contained an appeal waiver, where Slapnicker agreed to appeal his conviction or sentence.  A waiver

is the intentional relinquishment or abandonment of a known right. *United States v. Sumner*, 265 F.3d 532, 537 (7th Cir. 2001). The Seventh Circuit has held that a waiver to file a section 2255 petition contained in a plea agreement is enforceable only if it is: (1) knowing and voluntary; and (2) if the defendant cannot establish a claim for ineffective assistance of counsel in connection with negotiating the agreement. Mason v. United States, 211 F.3d 1065 (7th Cir. 2000); *Jones v. United States,* 167 F.3d 1142 (7th Cir. 1999). As such, it must be determined if Slapnicker made a knowing and voluntary plea and whether has established a claim for ineffective assistance of counsel in connection with negotiating the agreement.

> Slapnicker entered into the plea
> <u>agreement knowingly and voluntarily</u>

Slapnicker claims that his plea was involuntary because, before entering the plea, his attorney assured him that he would only receive a sentence of time served. Since this claim raises the possibility that his plea was not voluntary, Slapnicker may pursue it despite the waiver provisions in his plea agreement. *See Mason v. United States* 211 F.3d 1065, 1069 (7th Cir. 2000) (citing *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999)). In an affidavit submitted by the Government, Bryan Truitt does not go into this issue due to attorney-client privilege concerns.

However, the Court need not go far in exploring this issue.

That is because Slapnicker's claims are flatly contradicted by his testimony at the change-of-plea hearing. There, Slapnicker repeatedly testified that no one made him any promises of any kind regarding what his sentence would be. "Because of the great weight we place on these in-court statements, we credit them over [Petitioner's] later claims." *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999). Quite simply, Slapnicker cannot now contend that his attorney assured him that he would receive only time served by pleading guilty. He had the opportunity to raise such a claim (or to advise the Court of the alleged promises made by his attorney) at the change-of-plea hearing, but did not. The Court will not allow him to rewrite history in order to undercut the plea agreement's provisions. *See Martinez*, 169 F.3d at 1054 (citing *United States v. Byrd*, 669 F. Supp. 861 (N.D. Ill. 1987)).

Notably, in its response to the instant motion, the Government analyzed Slapnicker's claims without reference to the waiver provisions in the plea agreement and under the ineffectiveness framework of *Strickland v. Washington*, 466 U.S. 668 (1984). Although the Court believes Petitioner's claim that his attorney misled him regarding his possible sentence fails because his current factual assertions are at odds with his prior testimony, the Court also concludes that Petitioner has failed to demonstrate ineffective assistance of counsel under *Strickland* arising from his attorney's alleged sentence predictions. The Government's analysis

of this issue in its brief is correct, and the Court need not repeat it here.

Because Slapnicker knowingly and voluntarily entered into the plea agreement, and because all of its provisions — including the waivers — were explained to him at the change-of-plea hearing, he is bound by it.

> Slapnicker has not made a valid claim
> of ineffective assistance of counsel
> in connection with negotiating the agreement

Slapnicker contends that his Bryan Truitt's involvement of practicing law in Christopher Anderson's courtroom "may" have influenced Attorney Truitt's ability to negotiate the plea agreement. (Reply, p. 2). Other than his mere speculation, however, Slapnicker wholly fails to explain how his counsel was ineffective in negotiating the plea. Because counsel is presumed effective, a defendant bears a heavy burden in proving that his attorney rendered ineffective assistance. *United States v. Guerrero,* 938 F.2d 725, 727 (7th Cir. 1991). A claim for ineffective assistance of counsel can only prevail if the defendant satisfies the test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). Under this test, the defendant must show: 1) that the attorney's representation fell well-below an objective standard of reasonableness (performance prong); and 2) that there exists a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different (prejudice prong). *Dugan v. United States,* 18 F.3d 460, 463 (7th Cir. 1994). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

Slapnicker's failure to explain how Attorney Truitt was ineffective is fatal to his claim. See *Rutledge v. United States*, 230 F.3d 1041, 1050 (7th Cir. 2000)(noting that a "defendant must show that counsel's deficient performance rendered the jury's verdict unreliable or the proceeding fundamentally unfair . . .");  *Lawuary v. United States*, 199 F.Supp.2d 866, 877 (C.D. Ill. 2002)(rejecting conclusory claim that counsel failed to secure a better plea agreement). Moreover, the Court fails to see how he could make such an allegation. As to the guideline range, the plea agreement itself explained that the Court would determine many legal and factual matters that would set the applicable guideline range, including criminal history and relevant conduct at sentencing. Slapnicker knew that the applicable guideline range could be up to the statutory maximum, which, could be five years imprisonment. (See ¶¶'s 6, and 7(c) of the plea agreement). At the plea hearing, Slapnicker acknowledged that the applicable guideline range could be up to the statutory maximum of five years imprisonment. After being duly advised in this premise, Slapnicker nevertheless entered into the plea agreement. Simply, Slapnicker

has failed to show how his counsel was ineffective in the negotiation of the plea agreement under the dictates of *Strickland*.

As the Court finds the waiver to file a section 2255 petition contained in Slapnicker's plea agreement was knowing and voluntary and Slapnicker failed to establish a claim for ineffective assistance of counsel in connection with negotiating the agreement, the waiver is enforceable. *Mason*, 211 F.3d 1065.


There was no conflict of interest

Despite the finding that Slapnicker has waived his right to file a section 2255 petition, the Court nevertheless concludes that Slapnicker's allegation that his attorney labored under a conflict of interest is meritless. Slapnicker notes that Attorney Truitt had cases in Lake Station court in front of Judge Christopher Anderson, who was a victim in this case. As a result, Slapnicker claims that his attorney had a conflict of interest, which violated his right to counsel under the Sixth Amendment to the U.S. Constitution.

Slapnicker has failed to allege facts sufficient to establish either that a conflict of interest existed, or that such a conflict adversely affected his attorney's performance. As demonstrated by both Slapnicker's affidavit and the Government's affidavit from Attorney Bryan Truitt, Attorney Truitt disclosed the fact that he worked on a small amount of cases in Judge Christopher Anderson's

courtroom. Because Slapnicker was informed of Attorney Truitt's involvement with Judge Christopher Anderson and Slapnicker decided to allow Attorney Truitt to continue to represent him, Slapnicker waived any conflict of interest that existed. *Flores v. United States*, 74 F.3d 1242 (7th Cir. 1996); *United States v. Lowry*, 971 F.2d 55, 63 (7th Cir. 1992); *United States v. Beniach*, 825 F.2d 1207, 1211 (7th Cir. 1987).

Nor has Slapnicker alleged that the conflict of interest (that he believes existed) adversely affected his attorney's performance. Slapnicker's attorney secured him a very favorable plea agreement. Slapnicker's complaints regarding his sentence arise from his failure to recall or acknowledge what the Court explained to him when it accepted his guilty plea. Slapnicker does not show that the plea agreement was not favorable to him.

In short, Slapnicker has totally failed to substantiate his assertion that an alleged conflict of interest negatively affected the outcome of his underlying criminal case.

CONCLUSION

For the reasons set forth above, this motion is **DENIED**.

DATED:  November 4, 2011          /s/RUDY LOZANO, Judge
                                 **United States District Court**

-11-